Filed 2/25/26  P. v. Marcum CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C102054 |
| Plaintiff and Respondent, | (Super. Ct. No. 17FE000605) |
| v. | |
| MICHAEL WAYNE MARCUM, | |
| Defendant and Appellant. | |

The trial court sentenced defendant Michael Wayne Marcum to an aggregate term of 31 years eight months after he pled no contest to 11 offenses. After recalling defendant's sentence under Penal Code section 1172.75, the court struck a prior prison term enhancement and resentenced defendant to 30 years eight months.[1]  Defendant appeals, contending the trial court abused its discretion when it denied his motion to

---

[1] Undesignated statutory references are to the Penal Code.

1

dismiss his prior strike without considering the mitigating factors in section 1385, subdivision (c). He also contends the trial court's failure to consider the mitigating factors in section 1385, subdivision (c) violated his right to due process. We affirm the judgment.

## I. BACKGROUND

A detailed statement of the facts underlying defendant's convictions is unnecessary. We summarize only those facts pertinent to his claims on appeal.

In 2018, the district attorney filed a second amended complaint charging defendant with 11 counts: residential burglary (§ 459—counts one, two, and five); grand theft of a firearm (§ 487, subd. (d)(2)—count three); possession of firearm by a felon (§ 29800, subd. (a)(1)—counts four, ten, and eleven); receipt of a stolen vehicle (§ 496d, subd. (a)—count six); receipt of stolen property (§ 496, subd. (a)—count seven); and assault on a peace officer with a semiautomatic firearm (§ 245, subd. (d)(2)—counts eight and nine).

The complaint also alleged defendant suffered a prior strike conviction for a violation of section 246 (§§ 667, subds. (b)-(i), 1170.12), a prior serious felony (§ 667, subd. (a)), and two prison priors (§ 667.5, subd. (b)). As to counts eight and nine, the complaint alleged defendant used a firearm (§§ 12022.53, subd. (b), 12022.5, subds. (a), (d)).

Through counsel, defendant stipulated to the factual basis for the charges and the enhancement allegations, including the prior strike and felony convictions, the prior prison terms, and the use of a firearm in connection with the assault on two peace officers. He pled no contest to all counts and admitted the prior strike conviction, the prior felony conviction, and the two prior prison term enhancements.

### A. Original Sentencing

The trial court sentenced defendant to an aggregate term of 31 years eight months. The court selected count eight—assault on a peace officer with a semiautomatic

weapon—as the principal term and struck one of defendant's prior prison term enhancements and the five-year prior conviction. It applied defendant's prior strike and added the 10-year enhancement for use of a firearm and the one-year enhancement for the prior prison term, both to run consecutively. The court found defendant indigent and imposed the minimum restitution fine of $300 and the mandatory court operations and facilities assessments. The court also waived all other nonmandatory fees and fines.

## B.     Recall and Resentencing

Nearly five years after it sentenced defendant, the trial court recalled his sentence after receiving a list from the California Department of Corrections and Rehabilitation identifying individuals eligible for resentencing under section 1172.75. The court appointed counsel for defendant and issued a briefing schedule for the parties to file sentencing briefs to address whether other aspects of defendant's sentence should be changed.

Relying on *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*), defendant asked the trial court to exercise its discretion under section 1385 to strike his prior strike conviction and dismiss the 10-year gun enhancement. Defendant asked the court to consider the mitigating circumstances in section 1385, subdivision (c)(2), specifically, that he was a juvenile at the time he committed the strike offense, that the strike conviction was over five years old, that multiple enhancements were alleged in a single case, and that the application of one enhancement resulted in a sentence that exceeded 20 years. At the resentencing hearing, counsel added that the science behind juvenile behavior also supported striking the strike prior because defendant was only 17 years old at the time he committed the strike offense.

As to the gun enhancement, defendant argued the enhancement should be dismissed because the current offense was connected to his mental illness and childhood trauma. Dismissing either enhancement, he argued, would not result in serious danger to others because defendant's continuous recovery efforts diminished his dangerousness.

3

Moreover, he had not committed any actual violence and none of his prior or current offenses resulted in injuries to others.

The People opposed defendant's request. They argued the trial court should not strike the strike because defendant was not law abiding before or after his strike conviction. He violated probation and was convicted of two felonies after committing the strike offense. Based on the circumstances of the strike prior, his record immediately after the strike, and his current offense, defendant did not fall outside the spirit of the Three Strikes Law.

The People argued dismissing the gun enhancement was not in the interest of justice and would endanger public safety given defendant's demonstrated history of violence and eight serious rule violations since he had been incarcerated, including several incidents of violence. They also argued that section 1385, subdivision (c)(2)(C) did not require the court to dismiss the enhancement because it did not apply to defendant's case. Defendant's sentence already exceeded 20 years, and application of the gun enhancement would not be the reason his sentence exceeded 20 years. Therefore, subdivision (c)(2)(C) did not apply.

The court struck the section 667.5, subdivision (b) prior prison term enhancement, and denied the *Romero* motion as to the prior strike conviction. The court explained that when it examines the nature and circumstances of defendant's current offense and the prior strike, it looks for the absence of threatened violence. Defendant's current offense was violent because defendant assaulted peace officers with a firearm.

Moreover, defendant's background, character, and prospects did not support striking the strike. Specifically, the People effectively countered defendant's evidence about his prospects for rehabilitation with the record of his recent violent behavior while incarcerated for the current offense. Although defendant made progress in terms of acquiring valuable skills and with his employment while incarcerated, the court noted defendant was reprimanded for failing to show up for work at least once.

4

Given these circumstances, the trial court concluded, defendant did not fall outside the spirit of the Three Strikes Law. The purpose of the law is to "punish repeat offenders more severely because of their criminal history; [¶] . . . [and] [d]efendant has a long history of comitting [*sic*] felonies that include violence or great potential for violence." Defendant's sentence was not "unjust."

In declining to dismiss the gun enhancement, the trial court determined "[d]efendant would remain a great threat to public safety if the [c]ourt were to strike the [section] 12022.52[, subdivision ](b) enhancement, firearm enhancement." In making this finding, the court considered "the violent nature of the [d]efendant's previous criminal history, the violence involved in the instant offense, and the [d]efendant's continued pattern of violence while in custody, including his battery on a fellow prisoner in 2019, his fighting in 2021, and his battery causing serious bodily injury less than a year ago."

Further, after "giving great weight" to the section 1385, subdivision (c) mitigating factors, the trial court determined those factors were "substantially outweighed by the substantial likelihood" that reducing or dismissing the enhancement would endanger public safety. "Based upon the [d]efendant's continued pattern of violence in custody, the [c]ourt finds that the [d]efendant is just as or even more violent than he was when he was sentenced in 2019." And although it commended defendant for "trying" to change his ways, the court concluded there was credible evidence that defendant would continue to engage in violent behavior in the future and remain a danger to the public "20 years from now."

The trial court resentenced defendant to 30 years eight months. It awarded defendant credits for actual days in custody and "confirm[ed] and re-impose[d] all previous sentences and terms, conditions, fees and fines, restitution orders and admonishment[s] given and imposed . . . at the original sentencing hearing, with the exception of the one-year prior prison term."

5

Defendant timely appealed.

## II. DISCUSSION

Defendant argues the trial court abused its discretion when it denied his *Romero* motion to strike the prior strike conviction without considering the mitigating factors in section 1385, subdivision (c). He further contends the court's failure to consider those factors violated his right to due process.

*A.     Legal Principles and Standard of Review*

We review a trial court's refusal to dismiss a prior strike conviction for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374.) A trial court abuses its discretion when it relies on impermissible factors, applies the wrong standard, or is unaware of its discretion in deciding to strike a strike or refusing to do so. (*Id.* at p. 378; *People v. Knoller* (2007) 41 Cal.4th 139, 156.) " 'Unless the record affirmatively demonstrates otherwise, the trial court is deemed to have considered all the relevant sentencing factors set forth in the rules.' " (*People v. Knowles* (2024) 105 Cal.App.5th 757, 765.) " ' " 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' " (*People v. Carmony, supra*, at p. 377.) Therefore, we do not reverse a trial court's exercise of discretion just " ' "because reasonable people might disagree." ' " (*Ibid.*) For us to reverse, the trial court's decision must be "so irrational or arbitrary that no reasonable person could agree with it." (*Ibid.*) Where " 'the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law,' " we affirm its ruling. (*Id.* at p. 378.)

In 2022, the Legislature amended two sentencing laws that are pertinent to the issues defendant raises on appeal. The first is the amendment to section 1172.75. As amended, section 1172.75 retroactively invalidated most one-year prior prison term enhancements imposed under the prior versions of section 667.5, subdivision (b) and required courts to resentence the affected defendants. (*People v. Espino* (2024) 104 Cal.App.5th 188, 195; § 1172.75, subds. (a), (c), (d).) "By its plain terms, section

6

1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.) In resentencing a defendant, the trial court must "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate the disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) It may also consider "postconviction factors, including . . . evidence that reflects that circumstances have changed since the original sentencing" and that defendant's continued incarceration is no longer in the interest of justice. (§ 1172.75, subd. (d)(3).) Section 1172.75 creates a presumption that resentencing will "result in a lesser sentence than the one originally imposed," unless the court finds by clear and convincing evidence that resentencing the defendant to a lesser sentence would endanger public safety. (§ 1172.75, subd. (d)(1); see *People v. Monroe, supra*, at p. 402.)

The Legislature also amended section 1385, which authorizes courts to dismiss enhancements on their own or on the prosecutor's motion if dismissal furthers justice and is not prohibited by an initiative statute. (§ 1385, subd. (c).) As amended, section 1385, subdivision (c) requires courts exercising their discretion to dismiss enhancements to consider and afford great weight to evidence offered by the defendant to prove that one or more of the enumerated mitigating circumstances listed in subdivision (c)(2) are present. (*People v. Walker* (2024) 16 Cal.5th 1024, 1029-1030.) Unless the court finds that dismissal would endanger public safety, "the presence of one or more of these [mitigating] circumstances weighs greatly in favor of dismissing the enhancement." (§ 1385, subd. (c)(2); *People v. Walker, supra*, at p. 1033.)

B.    *Analysis*

1.    Romero *Motion*

The essential question the trial court must answer when considering a motion to dismiss a prior strike is whether the defendant falls outside the spirit of the Three Strikes Law. (*People v. Williams* (1998) 17 Cal.4th 148, 161.) In answering that question, the

7

court considers: (1) the nature and circumstances of the current felony, (2) the nature and circumstances of the prior strike offenses, and (3) the particulars of the defendant's background, character, and prospects for the future. (*Ibid*.) Defendant contends that in addition to these factors, the trial court was required to consider the mitigating factors outlined in section 1385, subdivision (c)(2) in deciding whether to strike the prior strike. We disagree.

As defendant acknowledges, we have held that trial courts are not required to consider the mitigating factors of section 1385, subdivision (c) when considering whether to strike a prior strike conviction under the Three Strikes Law. (*People v. Burke* (2023) 89 Cal.App.5th 237, 243-244.) Section 1385, subdivision (c)(1) states that "the court shall dismiss an enhancement if it is in the furtherance of justice to do so." Under California law, "[t]he term 'enhancement' has a well-established technical meaning." (*People v. Burke, supra*, at p. 243.) It is an additional term that is added to the base term of a sentence. (*Ibid*.) Based on that meaning, an alternative sentencing scheme like the Three Strikes Law is not an enhancement. (*Ibid*.) Because the plain language of section 1385, subdivision (c) states that it applies only to enhancements, the trial court was not required to consider the mitigating factors in section 1385, subdivision (c)(2)(C) when deciding whether to strike defendant's prior strike conviction. (*People v. Burke, supra*, at p. 244.)

The record shows the trial court considered the factors it was required to when it denied defendant's *Romero* motion: the age of defendant's prior strike, the nature and circumstances of the current offense, and defendant's background, character, and prospects for rehabilitation. (*People v. Williams, supra,* 17 Cal.4th at p. 161.) After considering those factors in detail, the court determined defendant did not fall outside the spirit of the Three Strikes Law. Specifically, defendant's prior strike in 2004 was for shooting into a dwelling house (§ 246). After he was granted probation for that conviction, he violated probation and committed two other felonies before committing

the current offense. The court explained that when it looks at the nature and circumstances of the current offense and his prior convictions, it looks for the absence of threatened violence. Defendant's current offense, assaulting two peace officers with a firearm, was violent.

The trial court also found that defendant's background, character, and prospects for rehabilitation did not support a finding that he fell outside of the spirit of the Three Strikes Law. Although defendant participated in rehabilitation programs and received compliments for his work while incarcerated, he was disciplined for failing to show up to work at least once and received eight serious rule violations while incarcerated, including several for incidents of violence. The court concluded, "[d]efendant has a long history of comitting [*sic*] felonies that include violence or great potential for violence. . . . [H]is sentence . . . is not unjust."

The record demonstrates the trial court " 'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law.' " (*People v. Carmony, supra*, 33 Cal.4th at p. 378.) There was no abuse of discretion.

2. *Due Process*

For the first time on appeal, defendant contends the trial court's denial of his *Romero* motion violated his right to due process because the court failed to consider the mitigating factors in section 1385, subdivision (c). The People argue defendant forfeited this claim by failing to raise it in the trial court. We agree.

" ' "[N]o procedural principle is more familiar . . . than that a constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." ' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 880-881.) Accordingly, defendant was required to raise any related due process concerns in the trial court to preserve his claims. His failure to do so has forfeited any claimed error. (*Ibid*.)

Furthermore, given the unfairness to the other party, we do not address the claim defendant raised for the first time in his reply brief, that his trial counsel rendered ineffective assistance of counsel in failing to raise his due process claim in the trial court. (*People v. Wilson* (2023) 14 Cal.5th 839, 872, fn. 11; *People v. Tully* (2012) 54 Cal.4th 952, 1075.)

### III.  DISPOSITION

The judgment is affirmed.

/S/

_____

RENNER, Acting P. J.

We concur:

/S/

_____

KRAUSE, J.

/S/

_____

WISEMAN, J.[*]

_____

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.